**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHELLE L. RICH,

      Plaintiff,                                    CASE NO. 07-13490
v.                                                    HON. MARIANNE O. BATTANI

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION AND ORDER OF THE COURT
<u>ADOPTING REPORT AND RECOMMENDATION</u>**

**I. INTRODUCTION**

Plaintiff Michelle L. Rich brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Commissioner denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423. Plaintiff filed her claim for DIB on December 29, 2003, alleging disability due to attention deficit hyperactivity disorder (ADHD), bipolar disorder, sleep apnea, headaches, depression, anxiety, post-traumatic stress disorder, fibromyalgia, and obsessive compulsive disorder. After Plaintiff's claim was denied, she requested a hearing. Administrative Law Judge Ethel Revels ("ALJ") presided over the July 6, 2006, hearing. Plaintiff and a vocational expert testified. In a decision dated December 27, 2006, the ALJ denied benefits.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 25, 2007. Plaintiff timely filed this action for judicial review of the Commissioner's decision. The case was referred to Magistrate Judge Virginia M. Morgan pursuant to 28

U.S.C. § 636. The parties filed cross-motions for summary judgment. In her Report and Recommendation (R&R), Magistrate Judge Morgan recommended that the Plaintiff's Motion for Summary Judgment be denied and that the Defendant's Motion for Summary Judgment be granted.

Plaintiff timely filed objections to the R & R. For the reasons stated below, the Court adopts the Magistrate Judge's recommendation and denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. § 636(b)(1). Review of the Commissioner's decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993). A decision which is supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotation omitted); Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

When determining whether the decision is supported by substantial evidence, the

court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Mullen, 800 F.2d at 545. Where the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may not review the evidence *de novo*, make determinations of credibility or weigh the evidence. Brainard, 889 F.2d at 681. Credibility determinations by the ALJ should be accorded deference by the reviewing court. Mullen, 800 F.2d at 545 (internal quotation omitted).

### III.  ANALYSIS

To establish a compensable disability under the Social Security Act, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §1382(a)(3)(A). The claimant bears the ultimate burden of establishing a disability within the meaning of the Social Security Act. Casey, 987 F.2d at 1233.

Disability claims are evaluated through a five-step sequential process. 20 C.F.R. § 404.1520. See also Kirk v. Sec'y of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The burden of proof to show a disability is on the claimant through the first four steps of the process. If a claimant meets this burden, the fifth step shifts the burden to the Commissioner. Preslar v. Sec'y of HHS, 14 F.3d 1107, 1110 (6th Cir. 1994).

The first step of the process examines whether the claimant is currently engaged in substantial gainful activity. If the claimant is so engaged, he is not disabled under the guidelines. The second step examines whether the claimant has a severe impairment which significantly limits his ability to perform work-related functions. Id. If a severe impairment is found, the third step requires comparison of the impairment to those impairments listed in Appendix I, 20 C.F.R. §404, Subpt. P (1981), to determine if, on the medical evidence alone, the claimant is disabled. Id. If the claimant is not disabled under the third step, the fourth step requires a determination of whether the claimant can perform relevant past work. If claimant cannot perform relevant past work, the fifth step shifts the burden to the Commissioner to establish that the claimant has transferable skills which enable him to perform other work in the national economy. Id.

Plaintiff advances three objections. First, she objects to the ALJ's evaluation of the medical opinion offered by Plaintiff's treating physician, Dr. Fluchre. Second, she objects to the credibility finding. Third, she objects to the Step Five finding that she could perform work in the economy. The merits of the objections are discussed below.

**A. Treating physician's opinion**

Plaintiff maintains that the ALJ failed to articulate what weight, if any, she accorded the treating source opinion of Dr. Fluchre, and the ALJ failed to consider all of the factors named in 20 C.F.R. § 416.927(d) when weighing Dr. Fluchre's opinion. Although the ALJ did not identify Dr. Fluchre as a treating physician, she nevertheless considered the relevant factors in assessing his opinion. Therefore, the Court finds the objection lacks merit.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. See  See SSR 96-2p; Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004); Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Accordingly, the medical opinions and diagnoses of treating physicians are given substantial deference, and if such opinions and diagnoses are uncontradicted, complete deference is appropriate. See King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." Miller v. Sec'y of HHS, 1991 WL 229979 at *2 (6th Cir., Nov.7, 1991) (citing Shavers v. Sec'y of HHS, 839 F.2d 232, 235 n. 1 (6th Cir.1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. See Cohen v. Sec'y of HHS, 964 F.2d 524, 528 (6th Cir. 1992).

In this case, Rich maintains the ALJ did not defer to the opinions of Plaintiff's treating physician, but instead deferred to the opinions of the nontreating physicians. Here, the ALJ, assessed the medical opinion in reference to the length, frequency, nature, and extent of the treatment relationship and the supportability and consistency of the physician's conclusions.  20 C.F.R. § 416.972(d); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007).  Further, she provided "good reasons" for discounting the opinion. Rogers, 486 F.3d at 242 (quoting SSR 96-2p). The requirement "let[s] claimants understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled and therefore might be bewildered when told by an administrative

bureaucracy that she is not, unless some reason for the agency's decision is supplied." Rogers, 486 F.3d at 242, (quoting Wilson, 378 F.3d at 544). It also "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." Rogers, 486 F.3d at 243 (quoting Wilson, 378 F.3d at 544). "[A] failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Rogers, 486 F.3d at 243.

In this case, the ALJ did expressly discuss and reject Dr. Fluchre's opinion to the extent that Dr, Fluchre stated that Plaintiff had "significant impairment" and was unable to maintain employment. (Tr. 297). Specifically, the ALJ noted that the mental residual functional capacity assessment dated May 31, 2006, completed by Dr. Fluchre did not specify whether it had been completed by a treating physician or based on past history. (Tr. 295). The ALJ further noted that although the assessment noted symptoms, it was unaccompanied by objective medical assessment to support the conclusion. Further, other therapists and physicians believed Plaintiff suffered mild to moderate impairments. See Tr. 25, 90-100. 113-118. Moreover, progress notes dated May 30, 2006, the day before Dr. Fluchre complete the residual functional capacity assessment show, that Plaintiff's condition was stable and that there were no complaints or concerns. Her progress notes from February 2006, indicate that she was improving. Although Plaintiff argues that the disparity merely reflects that even when she was stable, she was disabled, that interpretation does not usurp the ALJ's discretion to rely on other evidence in the record

to reach a contrary conclusion.

Finally, contrary to Dr,. Fluchre's assessment, the record contained evidence that Plaintiff cared for herself and her child and that her condition improved with medication and therapy. The record also shows that Plaintiff did not comply with recommended treatment. She missed numerous appointments, and she was dropped from her group because of her failure to call and failure to attend.

Rich maintains she had good reasons for cancellations including car trouble, bad weather, job interviews, and forgetting her appointment and she should not be denied benefits for this reason. In the alternative, Rich maintains that the nature of her illness prevented her from obtaining treatment. She asserts that the missed appointments reflect her disability because bipolar sufferers frequently do not recognize their illness and fail to recognize the need for treatment.

A few missed appointments might reflect unexpected conflicts or emergencies; however, in Plaintiff's case, her lack of commitment to treatment is reflected in the sheer number of times she missed therapy. See Tr. 224, 227-28, 231, 237, 240, 243-44, 246-49, 254, 258, 261-62, 264-65, 273. The record does not substantiate Plaintiff's assertion that her failure to follow treatment constituted good cause; the ALJ was free to find that her behavior reflected a pattern of disregard and noncooperation with her treatment plan.

Other evidence in the record likewise detracts from her argument. The record shows Plaintiff was able to pay bills and function independently. She met her daily responsibilities regarding her care for her son, including helping him with homework and making sure he took his medication. There is no evidence in the record supporting

7

Plaintiff's argument that she failed to recognize her illness. The mere diagnosis of an illness does not aid in the determination of the severity of the condition relative to Plaintiff. In sum, the ALJ considered the entire record in finding Plaintiff was not disabled.

### B. Credibility determination

Plaintiff asserts that the ALJ erred in discounting her credibility. In this case, Plaintiff objects to the ALJ's use of her inconsistent testimony about her substance abuse as a basis for rejecting her testimony about her mental impairments.

This Circuit is clear that credibility determinations require that the ALJ do more than make a single, conclusory statement regarding an individual's credibility. See Rogers v. Comm'r of Soc. Sec., 486 F.3d 234 (6th Cir. 2007) (noting that credibility determination must be reasonable and supported by substantial evidence). That is not what happened here.

There is no question that Rich told different stories to different medical providers about her use of illegal drugs. The ALJ properly considered her various statements in assessing her credibility. That is not the only reason the ALJ discounted Plaintiff's testimony. In addition, the ALJ relied on the fact that although Rich testified that her condition was disabling, she did not comply with treatment. During the same time, she did engage in daily activities including caring for her child, helping him with homework, cooking, paying bills, and visiting with family. According there is ample evidence in the record to support the ALJ's conclusion that Plaintiff's credibility was impinged.

### C. Hypothetical

This obligation to assess credibility extends to the fifth step of the analysis. The ALJ "can present a hypothetical to the VE on the basis of [her] own assessment if [s]he reasonably deems the claimant's testimony to be inaccurate." Casey v. Sec'y of HHS, 987 F.2d 1230, 1235 (6th Cir.1993). In short, the ALJ is required to incorporate the limitations that she finds credible when formulating a hypothetical. Here, the ALJ concluded that Plaintiff could perform simple, repetitive jobs at the medium exertion level on a second or third shift, provided she did not have to work in close proximity to others, the general public, or a supervisor, and that she had no production pace. Tr. 22.

The issue raised by Plaintiff concerns the testimony of the vocational expert. There is no dispute that the vocational expert identified jobs Plaintiff could perform and testified that the "classification and requirements" of the jobs she identified were consistent with the Dictionary of Titles. Tr. 412. Plaintiff nevertheless argues that the ALJ should have required the vocational expert to identify specific DOT numbers because the positions listed included some jobs that would not meet the limitations posed in the hypothetical. Because some of the positions falling outside the hypothetical, Rich concludes that it is impossible to assess the vocational expert's testimony.

The regulations do not require identification of specific DOT numbers. There is no contention that a conflict exists between the DOT and the testimony of the vocational expert. The Court declines to find an error occurred because Plaintiff would like to have additional requirements imposed, particularly in this case, when Plaintiff was represented at the hearing by an advocate from the Disability Benefits Corporation, who took an active

9

role in the hearing.

## V. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's recommendation and **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                               s/Marianne O. Battani
                                               HON. MARIANNE O. BATTANI
                                               UNITED STATES DISTRICT JUDGE

DATE: September 29, 2008

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to counsel of record on this date by e-filing and/or ordinary mail.

                                               s/Bernadette M. Thebolt
                                             Deputy Clerk